UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARE REDMOND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISA UNIRUSH CARD and MORGAN GALSTER,<br><br>　　　　Defendants. | No. 2:13-cv-1498 KJM DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Cesare Redmond is proceeding pro se in this action. The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

　　　　On August 1, 2013, defendants filed a motion to dismiss and a proof of service. Pursuant to Local Rule 230(l), plaintiff's opposition to the motion to dismiss was to be filed within twenty-one days after the date of service of the motion and the failure to file an opposition or statement of non-opposition may be deemed a waiver of opposition and may result in the imposition of sanctions. Id. The twenty-one day period expired and plaintiff failed to respond to defendants' motion in any manner.

　　　　Accordingly, on September 30, 2013, the court ordered plaintiff to show cause in writing as to why this matter should not be dismissed for lack of prosecution. (Doc. No. 8.) On October 10, 2013, plaintiff filed a document styled, "OPPOSITION TO MOTION TO DISMISS

1

AND VOLUNTARY DISMISSAL." (Doc. No. 9.) Therein, plaintiff asserts that the removal of this action from state court was improper, that the "state court still retains jurisdiction over" this action and that "Plaintiff VOLUNTARY (sic) DISMISSES the above-caption (sic) court action pursuant to the Federal Rule of Appellate Procedure Rule 42(a)." (Id. at 2-3.) Plaintiff's filing, however, is unsigned and therefore is not in compliance with the requirements of Local Rule 131(b). In any event, both his failure to take the required actions and his unsigned filing with this court makes it apparent that plaintiff does not intend to prosecute this action.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion in an action involving a prisoner "shall be served and filed . . . . not more than twenty-one (21), days after the date of service of the motion." Local Rule 230(l). Failure to file an opposition may be deemed a waiver of any opposition and may result in the imposition of sanctions. Id.

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to file a timely response to defendant's motion to dismiss in violation of Local Rule 230. The court issued an order to show cause that provided plaintiff with yet another opportunity to show good cause for his failure to respond to defendant's motion. Plaintiff responded to the court's order by indicating that he wishes to voluntarily dismiss this action. Plaintiff's filing, however, was unsigned in violation of Local Rule 131.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as his failure to comply with the court's orders and the Local Rules. See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 1, 2013 motion to dismiss (Doc. No. 4) be denied as moot;

2. Plaintiff's claims be dismissed without prejudice due to lack of prosecution, as evidenced by plaintiff's failure to file opposition or a statement of non-opposition to the motion to dismiss and filing indicating that he wishes to voluntarily dismiss this action; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.[1] A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after service of the objections. The parties are advised that

/////

---

[1] Plaintiff may moot these findings and recommendations by submitting a signed notice of voluntary dismissal without prejudice prior to the entry of judgment.

failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2013

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\redmond1498.dlop.f&rs.docx